# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE M. BRINKLEY,<br>on behalf of herself and all others<br>similarly situated, | § <br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | Case No.: 1:13-cv-01555 |
| vs. | §<br>§<br>§ | Hon. John J. Tharp, Jr.<br>Magistrate Geraldine Soat Brown |
| ZWICKER & ASSOCIATES, P.C., | §<br>§<br>§ | |
| Defendant. | § | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between: (a) Plaintiff Natalie M. Brinkley, individually, and on behalf of a Class of similarly situated persons; and (b) Defendant Zwicker & Associates, P.C., was reached after arms-length negotiations between counsel for all Parties, and is entered into as of October 31, 2013.

RECITALS:

A. The Class Members are a class of individuals (as defined below) on whose behalf Plaintiff filed a class action complaint in the above-captioned case.

B. The Complaint in the class action alleges that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), and that such alleged violations render Defendant liable for damages, costs, and reasonable attorneys' fees.

-1-

C.     Defendant denies the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the Class she seeks to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiff were to prevail, Defendant's maximum class statutory damages liability is limited by 15 U.S.C. § 1692k(a)(2) to approximately $66,000.00, and the conduct at issue is not so extreme or pervasive as to warrant imposition of the maximum statutory damages. Nevertheless, Defendant concludes that the further conduct of this Litigation by it would be protracted and expensive, and that it is desirable that this Litigation be fully, finally and forever settled in the manner set forth in this Agreement.  Defendant is therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiff and the Class arising out of the alleged statutory violations.

D.     Class Counsel (defined below) have considerable experience in handling class actions and consumer protection cases.  Class Counsel have analyzed the facts and law relevant to this Litigation, and they recognize the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and through appeals.  Further, Class Counsel are mindful of the limitations on any possible recovery to the Class, and they recognize that protracted litigation is not likely to provide additional benefits to Plaintiff or the class.

E.    Based on Class Counsel's extensive analysis of the law and facts at issue in this Litigation, and the fact that under the statutory damages scheme applicable to this case the maximum potential award to the Class Members is limited, and pursuant to the advice of Class Counsel, Plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.    Based on the extensive analysis of the law and facts at issue in this Litigation, and the fact that under the statutory damages scheme applicable to this case the maximum potential award to the Class Members is limited, Defendant believes that this settlement with the Class on the terms set forth below is fair, adequate, and reasonable.

G.    The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiff's claims of violations of the FDCPA by Defendant or any of its officers, directors, shareholders, members, employees, agents, or representatives.

### ARTICLE I
### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1    "AGREEMENT" means this Settlement Agreement in the above-captioned case.

1.2    "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3    "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as all individuals in the United States during the Class Period (defined below):

     (a)    who were sued by Zwicker on behalf of Discover Bank;

     (b)    in a suit claiming breach of contract;

     (c)    where the suit claimed breach of a Cardmember Agreement containing the provision:

> Claim Notices. In the event that you or we have a claim that arises from or relates to your Account, any prior account you had with us, your application, the relationships which result from your Account or the enforceability of the Agreement or any prior agreement, before initiating, joining or participating in any judicial or arbitration proceedings, as either an individual litigant or member of a class ("Proceeding"), the complaining party shall give the other party: (1) a written notice of the claim ("Claim Notice"), at least 15 days before initiating any Proceeding, explaining in reasonable detail the nature of the claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the claim without the necessity of a Proceeding. This includes any claims involving our parent corporation, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors and employees of each of these entities.

     (d)    who were not provided with such a Claim Notice prior to the initiation of the lawsuit.

Excluded from the Class are:

     a.    any person who has signed a release that post-dates the filing of a suit against such person by Zwicker on behalf of Discover;

     b.    any person who is deceased;

      c.     any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after February 28, 2012; and

      d.     any Class Member who timely mails a request for exclusion.

1.4   "CLASS COUNSEL" means Lance A. Raphael, Stacy M. Bardo, Allison A. Krumhorn, and Michael S. Hilicki.

1.5   "CLASS MEMBERS" means those persons who are a part of the Class and who do not fall within the above-stated exclusions.

1.6   "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as **Exhibit C**.

1.7   "CLASS PERIOD" means the period from February 28, 2012, to the Preliminary Approval Date as defined below.

1.8   "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

1.9   "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10  "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.11  "COURT" means the United States District Court for the Northern District of Illinois.

1.12  "DEFENDANT" means Zwicker & Associates, P.C., and includes all officers, directors, shareholders, members, agents, employees, representatives, subcontractors, attorneys, and insurers of Defendant.

1.13 "DISCOVER" means Discover Financial Services, and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successor, and/or predecessors in interest (including, without limitation, DFS Services LLC; Discover Bank; Discover Products, Inc.; and DB Servicing Corporation), and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors, assigns heirs, executors, and administrators. Discover is not a party to the Litigation.

1.14 "FINALITY DATE" means the date after which the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.15 "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.16 "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court

deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached **Exhibit D**.

1.17 "INITIAL NOTICE DATE" means the deadline set by the Court for the mailing of the Class Notice, which shall be not fewer than twenty-one (21) days after the Preliminary Approval Date.

1.18 "LITIGATION" means the above-captioned case.

1.19 "PARTIES" means the Class Members (including Plaintiff), Class Counsel, Defendant, and Discover.

1.20 "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B**.

1.21 "RELEASED CLAIMS" means:

A. For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that she or her heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or Discover as of the date of this Agreement, it being Plaintiff's intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that she may have against the parties herein released.

B. For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation

whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against Defendant or Discover as a result of the filing of a collection suit prior to sending a Claim Notice as described in the Cardmember Agreement provision quoted above.

C.     For Defendant and Discover, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Defendant and Discover may have against Plaintiff and Plaintiff's respective heirs, executors, administrators, successors, assigns, and attorneys resulting from the filing of the instant Litigation and any action taken in Case No. 12 SC 2491.

1.22 The class relief described below in this Agreement and the settlement embodied herein shall not release any debts owed to Discover by the Class, nor shall this settlement operate as an accord and satisfaction of such debts, nor impair or limit any right or cause of action by the Class to dispute such debts or assert any claim or defense, other than a failure to be sent the Claim Notice. Furthermore, for the purposes of 15 U.S.C. § 1692c, Plaintiff's counsel expressly affirm that, with the exception of Plaintiff, they do not represent the members of the Class in connection with such debts and that their representation is limited solely to their role as Class Counsel in this case and in connection with the claims that are the subject of this Settlement Agreement.

-8-

**Article II**

**TERMS AND CONDITIONS OF THE SETTLEMENT**

Plaintiff, Defendant, and Discover agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction for all Released Claims (as defined above).

2.1    *Class Action Settlement Procedures*

A.    Plaintiff and Defendant shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for settlement purposes only, a class of Plaintiffs in the class action pursuant to FED. R. CIV. P. 23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and Final Fairness Hearing (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below.  The Conditional Certification Motion and the Conditional Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as ***Exhibits A*** and ***B***, respectively.  The Class Notice shall inform the Class of the nature of this Litigation, the proposed settlement, and the right of Class Members to object or opt out, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as ***Exhibit C***.  The Class Notice shall be

-9-

distributed by mailing a copy of the notice to each class member as described below.

B.     Defendant or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address, Defendant or its designee shall run such Class Member through the National Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. Defendant will use its best efforts to provide prompt re-sending of any returned notices. However, Defendant and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a Class Notice. Defendant shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

C.     The Settlement shall be administered by an independent claims administrator. Defendant shall select the administrator, subject to approval of Class Counsel, which approval shall not be unreasonably withheld. The cost of providing notice and distributing checks to the Class shall be borne by Defendant. In this case, Plaintiff and Defendant agree to use First Class, Inc. as the administrator.

-10-

D.     Defendant agrees to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendant's agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, Plaintiff and her attorneys will support the Settlement and will take no action inconsistent with such support. Advising Class Members that they should opt out of the Class shall be deemed to be inconsistent with support of the settlement.

E.     Plaintiff and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court.  Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the releases described in this Agreement.

F.     Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action.   In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised, then the

-11-

Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Class. The Conditional Certification Order and the Final Order and Judgment shall so provide.

2.2 *The Class.* The Class is defined in Section 1.3 above. It is possible that some members of the Class may have died or filed bankruptcy proceedings during the Class Period. The orders presented to the Court shall address the consequences of death or bankruptcy.

2.3 *Settlement Consideration.* Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to the Class a total Settlement Fund of $66,000.00, representing one percent of its net worth.

B. The fund will be distributed equally among all class members who timely submit claim forms that will accompany the Class Notice. The claim form will be limited to information essential to processing the claim, i.e., name, address, phone number, and signature and date of signing. All distribution checks to the Class will expire after

-12-

120 days, and the funds represented by any uncashed checks will be distributed as a *cy pres* distribution to the Chicago Bar Foundation for use in consumer representation and/or consumer education.

C.    In addition to her class proof of claim distribution, Defendant will pay to Plaintiff $1,000.00 in full settlement of her individual claim for statutory damages as provided for in 15 U.S.C. § 1692k.  As an incentive award for her service to the Class, Discover will dismiss 12 SC 2491 with prejudice and request that the credit reporting bureaus mark the disputed debt alleged owed to Discover as "paid in full/settled" on Brinkley's consumer credit report.  Discover represents and warrants that it has not transferred collection of or sold Brinkley's alleged debt to a third party and will not transfer or sell such alleged debt in the future.

D.    In consideration of the inclusion of Discover Bank in the individual and class releases, pursuant to the express authorization of Discover, Zwicker will send every class member who has a balance still due a letter offering to settle in full for just the charge-off balance (*i.e.*, an offer that excludes costs and fees).  The offer will be open for a period of forty-five days.  Zwicker will provide Discover with a list of all class members who timely accept and timely perform on such offer, and those persons' accounts will be reported as paid in full, including to the credit reporting bureaus.

-13-

E.    Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiff's attorneys in an amount not to exceed $31,500.00.

F.    These amounts shall be funded by Defendant within fourteen (14) days of the Preliminary Approval Date and held in trust by Defendant's counsel or another account agreed to by the Parties.

2.4    *Opting Out of the Class.*

A.    The Preliminary Approval Order that is submitted to the Court shall provide that Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than a date that is at least three (3) weeks prior to the final Fairness Hearing.

B.    In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and, if available, Discover account number, together with a statement to the effect that he or she wishes to be excluded from or opt out of the Class.

C.    Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.    If more than 100 Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Defendant

shall have the right, but not the obligation, to withdraw from the Settlement. Such an election by Defendant shall be made in writing and sent to Class Counsel within ten (10) days after the deadline for submitting requests for exclusion specified above.

2.5  *Class Members' Release and Exclusive Remedy.*

A.     Upon entry of the Final Order and Judgment, each Class Member, including the Plaintiff, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge Defendant and Discover (the "Defendant/Discover Released Persons"), from any and all of the Released Claims.

B.     The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Defendant/Discover Released Persons for the Released Claims. Accordingly, the Defendant/Discover Released Persons shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.     Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Defendant/Discover Released Persons. The Court's Final Order and

-15-

Judgment shall enjoin such actions for the Released Claims. The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6    *Class Counsel's Attorney's Fees and Expenses.* Class Counsel will seek from the Court an award of their reasonable attorney's fees and costs, which Defendant will not oppose. Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any party to withdraw from the settlement. Regardless of the amount approved by the Court, in no event will Defendant pay to Class Counsel fees and expenses in excess of $31,500.00.

2.7    *Attorney's Fees of Individual Class Members.* Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.6 above, shall be paid by the Class Member or other person.

2.8    *No Admission of Liability by Defendant.* The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

2.9    *Objection Period for Class Members.*

A.    Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court objectors shall be

-16-

required to notify the Court, Class Counsel and counsel for Defendant, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

B.      Subject to Court approval, the Conditional Certification Order will require that such notice of objections shall include:

(1)     a statement of each objection being made;

(2)     a detailed description of the facts underlying each objection;

(3)     a detailed description of the legal authorities underlying each objection, if any;

(4)     a statement of whether the objector intends to appear at the Fairness Hearing;

(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C.      Subject to Court approval the Conditional Certification Order shall further provide:

Class Members, and all other interested persons shall file such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for Defendant no later than a date which is at least three (3) weeks prior to the final Fairness Hearing.  Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant,

-17-

shall not be heard during the Fairness Hearing and the Court will not consider their objections.

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES

3.1     *Representations and Class Counsel's Warranties.*   Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interest of the class.

3.2     *Representations and Warranties of the Plaintiff.*   Plaintiff represents and warrants as follows:

A.      that on the date of execution of this Agreement she is the owner of the individual claims asserted in the Litigation that she has not assigned, pledged (except to their attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, she will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.      that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

-18-

## ARTICLE IV
### CONDITIONS TO CLOSING

5.1 *Conditions.* The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A.   the Finality Date shall have occurred;

B.   the Court shall have approved and signed a Final Judgment in substantially the same form as the attached ***Exhibit D*** that includes a release of all of the Released Claims;

C.   Defendant and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D.   the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

## ARTICLE V
### MISCELLANEOUS PROVISIONS

6.1 *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of

-19-

Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

6.2 *Termination.* This Agreement shall be terminable by Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by the Plaintiff or Class Counsel. Plaintiff shall be given the right to cure any such defect within a reasonable time period agreed to between the Parties. If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide Plaintiff's Motion for Class Certification as a contested motion.

6.3 *Distribution of Settlement Funds.* Subject to Approval of the Court, the settlement funds will be distributed as follows:

A. Within ten (10) days after the Finality Date, checks representing the distribution due to Plaintiff and Class Counsel described above will be mailed by Defendant (or, at Defendant's sole discretion, its designated claims administrator).

B.    Within thirty (30) days after the Finality Date, checks representing the distribution due to the Class will be mailed by the claims administrator.  Each such check will bear a notation indicating that it expires 120 days after the date of the check.

C.    Within one hundred eighty (180) days after the Finality Date, a check in the amount of any Class distribution checks that have not been presented for payment will be mailed to Chicago Bar Foundation for use in consumer representation and/or education as a *cy pres* distribution on behalf of the Class.

6.4    *No Admission.*  The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.  The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that Defendant, Discover, or Plaintiff may have in the Litigation, nor of Plaintiff's right to seek class certification on a contested basis, nor of Defendant's right to oppose such certification.

6.5    *Entire Agreement.*    This Agreement, including all referenced Exhibits, is the entire agreement of the Parties.    All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions

-21-

concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

      6.6    *Modification.*   No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, Defendant, and Discover, and approved by the Court.

      6.7    *Notices.*  All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile). The persons designated to receive notice are as follows:

> Lance A. Raphael
> Stacy M. Bardo
> The Consumer Advocacy Center, P.C.
> 180 W. Washington . Suite 700
> Chicago, IL 60602
> CLASS COUNSEL

and

> Jennifer W. Weller
> jweller@hinshawlaw.com
> Hinshaw & Culbertson LLP
> Suite 300
> 222 North LaSalle Street
> Chicago, IL 60601
> ATTORNEY FOR DEFENDANT

      6.8    *Execution in Counterparts.*  This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed

an original and all of which taken together shall constitute one and the same Agreement.

6.9 *Applicable Law.* This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Illinois without regard to any conflict of law provision in said laws of the State of Illinois that might otherwise require the application of the laws of a jurisdiction other than that of the State of Illinois to the performance, validity, construction, or enforcement of this Agreement.

6.10 *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

6.11 *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Defendant/Discover Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

6.12 *Place of Performance.* This Agreement shall be performed in the Northern District of Illinois.

6.13  *Best Efforts.*  All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

6.14  *Parties Are Equal Drafters.*  The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendant.

Dated: October 31, 2013.

Zwicker & Associates, P.C.

By: _____
      Paul A. Zwicker, President
      and one of Discover's attorneys

_____
Natalie M. Brinkley,
Individually and on behalf
of all others similarly situated

_____
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
180 W. Washington . Suite 700
Chicago, IL 60602

ATTORNEY FOR PLAINTIFF

_____
Jennifer W. Weller
Hinshaw & Culbertson LLP
Suite 300
222 North LaSalle Street
Chicago, IL 60601
312-704-3025

ATTORNEY FOR DEFENDANT

_____
Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington . Suite 700
Chicago, IL 60602

ATTORNEY FOR PLAINTIFF

_____
David A. Schultz
Hinshaw & Culbertson LLP
Suite 300
222 North LaSalle Street
Chicago, IL 60601
312-704-3527

ATTORNEY FOR DEFENDANT

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE M. BRINKLEY, | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | Case No.: 1:13-cv-01555 |
| | § | |
| v. | § | Hon. John J. Tharp, Jr. |
| | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C., | § | |
| | § | |
| Defendant. | § | |

**JOINT MOTION FOR CONDITIONAL CERTIFICATION AND**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Natalie M. Brinkley (hereinafter referred to as "Plaintiff") and Zwicker & Associates, P.C. (hereafter referred to as "Defendant") jointly move that the Court conditionally certify Plaintiff as class representative, certify Plaintiff's attorneys as class counsel, approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and approve the class notice, and in support of such motion would respectfully show the following:

1.01. The terms of the proposed settlement are set forth in the Class Action Settlement Agreement, a copy of which is annexed to this motion as Exhibit 1.

1.02. The proposed Class Notice is attached as Exhibit C to the Settlement Agreement. Plaintiff and Defendant move the Court to approve the form of the Notice and its method of distribution.

1

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1.      preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;

2.      order that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act as counsel for the Class;

3.      authorize the form and mailing of the Notice;

4.      set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and

5.      at such hearing approve the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

DATED: October 31, 2013.

/s/ Stacy M. Bardo
Stacy M. Bardo
Stacy@caclawyers.com
Lance A. Raphael
Lance@caclawyers.com
The Consumer Advocacy Center, P.C.
180 W. Washington . Suite 700
Chicago, IL 60602
312-782-5808

ATTORNEYS FOR PLAINTIFF

/s/ Jennifer W. Weller
Jennifer W. Weller
jweller@hinshawlaw.com
Hinshaw & Culbertson LLP
Suite 300
222 North LaSalle Street
Chicago, IL 60601
312-704-3025

ATTORNEY FOR DEFENDANT

2

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NATALIE M. BRINKLEY,            §
on behalf of herself and all others  §
similarly situated,             §
                                §
      Plaintiff,               §            Case No.: 1:13-cv-01555
                                §
v.                              §            Hon. John J. Tharp, Jr.
                                §
                                §
ZWICKER & ASSOCIATES, P.C.,     §
                                §
      Defendant.              §


**BRIEF IN SUPPORT OF THE PARTIES'**
**JOINT MOTION FOR CONDITIONAL CERTIFICATION AND**
**<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT</u>**

Natalie M. Brinkley (hereinafter referred to as "Plaintiff") and Zwicker & Associates, P.C. (hereafter referred to as "Defendant") submit this brief in support of the parties' Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, and in support of such motion would respectfully show the following:

**1. NATURE OF THE CASE**

1.01. Plaintiff is an individual consumer who allegedly became delinquent on a consumer debt. Defendant Zwicker & Associates, P.C. is a law firm that filed suit on the debt. Plaintiff contends that in attempting to collect through litigation such consumer debts from her and the Class she seeks to represent, Defendant allegedly violated the Fair Debt Collection Practices Act,

1

15 U.S.C. § 1692, *et seq.*. Plaintiff asserts that such violations render Defendant liable for damages under the FDCPA.

1.02. Defendant denies Plaintiff's allegations and joins in the request for certification solely for settlement purposes. In the event that the settlement is not approved or as may otherwise be provided in the Settlement Agreement, Plaintiff stipulates that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendant's right to contest certification on any legal or equitable grounds.

## 2. ELEMENTS FOR CLASS CERTIFICATION

2.01. Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 293 (N.D. Ill. 2008)(*citing Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002)). In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, the parties would show the following:

**Numerosity**

2.02. Based upon information received from Defendant, the persons potentially in the Class, appears to consist of approximately 20,000 persons.

While not an enormous number, it is sufficient to satisfy the numerosity requirement of Rule 23.

**Commonality**

2.03. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) *citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The requirement of commonality may be satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

a.  whether Defendant's conduct violated the FDCPA;

b.  whether Plaintiff and the other class members are entitled to recover damages and, if so, in what amount; and

c.  whether Plaintiff and the other class members are entitled to recover attorney's fees and, if so, in what amount.

**Typicality**

2.04. A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998); *Redmon*, 249 F.R.D. at 294. The typicality prong is analyzed by asking whether the named plaintiff has

3

incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3rd Cir. 1994), *citing* 3B MOORE & KENNEDY, P 23.06-02; 1 NEWBERG & CONTE, § 3.13. *See also, Beck v. Maximus*, 457 F.3d 291, 295-96 (3rd Cir. 2006). Plaintiff contends that her claims are typical of the claims of the rest of the class.

2.05. Plaintiff has generally satisfied her burden on typicality "if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-2, *citing* C. Wright & A. Miller, *Federal Practice and Procedure* § 1764 at n.21.1 (Supp. 1982). Rule 23(a)(3) "requires only a showing that the representative plaintiffs' interests are not antagonistic or in conflict with the class as a whole." *Metge v. Baehler*, 77 F.R.D. 470, 475 (S.D. Iowa 1978). Plaintiff alleges that the typicality requirement has been satisfied because both she and the rest of the Class were sued on accounts that were subject to cardmember agreements containing the provision that is at issue in this case.

**Adequacy of Representations**

2.06. Adequacy of representation consists of two prongs: the adequacy of counsel to handle a class action and the adequacy of the named plaintiff to protect the differing interests of the class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1013 (7th Cir. 1999); *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Plaintiff asserts that she will

fairly and adequately represent the interests of the class. Through her attorneys of record, Plaintiff has been willing to pay the costs of notice and litigation. Plaintiff believes that she has no interests adverse to other members of the Class.

2.07. Plaintiff has hired the undersigned attorneys to represent her in this matter. Plaintiff's attorneys have experience in the handling of both consumer protection litigation and class actions.

### 3. OTHER CONSIDERATIONS

3.01. Pursuant to Rule 23 an action may be maintained as a class action if the four elements described above are satisfied and, in addition, certain other conditions exist. These are:

    a.    the prosecution of separate actions by or against individual members of the class would create a risk of:

        i. inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

       ii. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    b.    the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

    c.    where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

    d.    the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to

5

other available methods for the fair and efficient adjudication of the controversy.

*See, e.g., Redmon*, 249 F.R.D. at 295 (*quoting Troy v. The Red Lantern Inn*, No. 07 C 2418, 2007 U.S. Dist. LEXIS 89004 (N.D. Ill. Dec. 14, 2007)).

3.02. Plaintiff alleges that the causes of action forming the basis of the class claims in this case are such that the prosecution of separate actions by individual members of the class would create the risk of establishing incompatible standards of conduct for Defendant.

3.03. Additionally, Plaintiff alleges that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case because a class action resolution of the issues described above outweighs the difficulties in management of the class as separate claimants and allows access to the courts for those who might not gain such access standing alone.

3.04. Solely for the purposes of this motion and to effectuate the proposed settlement, Defendant does not dispute that a class should be certified for settlement purposes only. Defendant acknowledges the doctrine that "federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

## 4. ADEQUACY OF THE SETTLEMENT

4.01. The FDCPA limits a defendant's liability in a class action to statutory damages not exceeding the lesser of $500,000 or one percent of the defendant's net worth. Under the terms of the settlement Defendant will

establish a settlement fund of $66,000.00, which will be distributed among the class members who file claim forms. Defendant's maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to approximately $66,000.00, and (given the legal disputes regarding the contract provision at issue) the conduct at issue is not so extreme or pervasive as to mandate imposition of the maximum statutory damages. Nevertheless, the settlement fund represents Defendant's maximum liability for statutory damages, even for the most egregious of violations. The settlement provides additional equitable relief for the class even though equitable relief is not ordinarily available in an FDCPA case. Discover has agreed to have Defendant Zwicker send every class member who has a balance still due a letter offering to settle in full for just the charge-off balance (*i.e.*, an offer that excludes costs and attorneys' fees). This offer represents a significant discount to the class, with each class member having the opportunity to settle their debt for less than the full alleged balance.

4.02. Class members will be given notice of this action, of the proposed settlement, and of the opportunity to object, opt out, or submit claim forms. The notice will be sent by U.S. mail to each of the members of the Class. Notice and administration costs will be borne by Defendant Zwicker in addition to the other relief being paid to the class.

4.03. The proposed notice, which is attached to the Motion, provides fair, reasonable, and adequate notice to the Class of the proposed settlement and of their rights. It therefore satisfies the elements of Fed. R. Civ. P. 23.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

7

1.    preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;

2.    order that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act as counsel for the Class;

3.    authorize the form and mailing of the Notice;

4.    set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and

5.    at such hearing approve the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

DATED: October 31, 2013.


/s/ Stacy M. Bardo
Stacy M. Bardo
Stacy@caclawyers.com
Lance A. Raphael
Lance@caclawyers.com
The Consumer Advocacy Center, P.C.
180 W. Washington . Suite 700
Chicago, IL 60602
312-782-5808

ATTORNEYS FOR PLAINTIFF

/s/ Jennifer W. Weller
Jennifer W. Weller
jweller@hinshawlaw.com
Hinshaw & Culbertson LLP
Suite 300
222 North LaSalle Street
Chicago, IL 60601
312-704-3025

ATTORNEY FOR DEFENDANT

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE M. BRINKLEY, | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | Case No.: 1:13-cv-01555 |
| | § | |
| v. | § | Hon. John J. Tharp, Jr. |
| | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C., | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS
YOUR RIGHTS AND OPTIONS TO PARTICIPATE IN A CLASS SETTLEMENT.**

**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SEND IN A CLAIM FORM TO RECEIVE A SETTLEMENT CHECK** | In order to receive a settlement check, you **must** submit the attached Claim Form. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not receive a settlement check but you will not be giving up any of your rights to sue the Defendant for the same conduct alleged in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
| **DO NOTHING** | If you do nothing, you will not receive a settlement check but you will also be bound by the terms of the settlement agreement and you will not be able to sue the Defendant for the same conduct alleged in this case. |

**Why did you get this notice?**

This is a notice of a proposed settlement in a class action lawsuit (the "Lawsuit"). The settlement would resolve the Lawsuit, which has been brought on behalf of all individuals in the United States

(a)     who were sued by Zwicker on behalf of Discover Bank;

(b)     in a suit claiming breach of contract;

(c)     where the suit claimed breach of a Cardmember Agreement containing the provision:

Claim Notices. In the event that you or we have a claim that arises from or relates to your Account, any prior account you had with us, your application, the relationships which result from your Account or the enforceability of the Agreement or any prior agreement, before initiating, joining or participating in any judicial or arbitration proceedings, as either an individual litigant or member of a class ("Proceeding"), the complaining party shall give the other party: (1) a written notice of the claim ("Claim Notice"), at least 15 days before initiating any Proceeding, explaining in reasonable detail the nature of the claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the claim without the necessity of a Proceeding. This includes any claims involving our parent corporation, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors and employees of each of these entities.

(d)     who were not provided with such a Claim Notice prior to the initiation of the lawsuit.

Only persons who were sued between February 28, 2012 and _____, 2013 are members of the Class.

Excluded from the Class are:

• any person who has signed a release that post-dates the filing of a suit against such person by Zwicker on behalf of Discover;

• any person who is deceased;

• any person who filed for bankruptcy protection under Title 11 of the United States Code on or after February 28, 2012; and

- any Class Member who timely mails a request for exclusion (the process for filing an exclusion is described below)

**What is this lawsuit about?**

This Lawsuit was filed against Defendant Zwicker asserting that it filed suit against Plaintiff and the members of the Class prior to the sending of the claim notice provided for in the cardmember agreement. Plaintiff alleges that Defendant's actions the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and that such alleged violations render Defendant liable for damages under the FDCPA.

Defendant denies Plaintiff's allegations and asserts, *inter alia*, that any alleged violation, if it was a violation, was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably formulated to avoid the violation.

**Why is this a class action?**

In a class action, a "Class Representative" (in this case, Natalie M. Brinkley), sues on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**How do you know if your claims are included in the settlement?**

You received this notice because Defendant's records identified you as a Class Member. That means you appear to fit the description of the Class, which the Court has certified for settlement purposes.

**What does the settlement provide?**

Plaintiff, on the one hand, and Defendant, on the other have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the Lawsuit, and to achieve a final resolution of the disputed claims. The FDCPA limits Defendant's class liability. Defendant has agreed to establish a Settlement Fund in the amount of $66,000.00, which is the maximum amount of statutory damages for which it could be held liable under the FDCPA. That fund will be distributed equally among all Class Members who file Claim Forms. Furthermore, all class members with outstanding balances on the Discover accounts Zwicker sued for will be afforded an opportunity to settle for the charge-off balance only, without payment of court costs or attorney's fees. You will be receiving another letter advising you of this benefit. The Class Representatives and their attorneys, who are experienced consumer and class action attorneys, think the settlement is best for all Class Members.

Plaintiff, as Class Representative, will be paid the total sum of $1,000.00 in consideration of her individual claim for statutory damages, and in consideration of her service in prosecuting the lawsuit on behalf of the Class, Discover has agreed to dismiss the lawsuit filed against her with prejudice and request that the credit reporting mark the disputed debt alleged owed to Discover as "paid in full" on Brinkley's consumer credit report. Defendant has also agreed to pay the costs associated with settlement notice and administration and the reasonable fees and expenses of Plaintiff's attorneys in an amount not to exceed $31,500.

**Class Counsel's View About the Settlement**

In an individual action, the person bringing the suit may recover (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $1,000. In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members, and (ii) the lesser of 1% of the Defendant's net worth or $500,000. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or a class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful. Class counsel believes that the settlement here is fair and reasonable because the class settlement fund is the maximum amount of statutory damages for which it could be held liable under the FDCPA. Further, each class member is being given the opportunity to settle their alleged debt for the charge-off balance only, without having to pay any attorneys' fees or court costs alleged due. You will receive another letter explaining this offer to you.

**How much will you be paid?**

It depends upon the number of claim forms submitted. Each person who submits a fully executed Claim Form will receive a check for an amount equal to the Settlement fund divided by the number of timely, fully executed forms. For example, if 2000 class members (approximately 10% of the class) return claim forms, each class member will receive $33.00.

**How can you get a payment?**

To qualify for a payment, you must return a signed and properly completed Claim Form by _____, 201_. A Claim Form is enclosed with this notice.

If you do not return the completed Claim Form timely, you will not receive a settlement payment. If you do not complete the Claim Form fully you will not receive a settlement payment.

**When will you be paid?**

If the Court approves the settlement, checks to the Class will be mailed no later than thirty (30) days after the judgment in the lawsuit has become final. If there is an appeal of the settlement, payment may be delayed. This will occur approximately 60 days after the _____, 2014 Final Fairness Hearing, so please be patient.

**What rights are you giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against Defendant or Discover over the "released claims," which here, are claims relating to not being sent a Claim Notice prior to the initiation of a lawsuit against you. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims whether or not you submit a Claim Form and receive a settlement payment. However, you are not giving up your right to: (a) dispute the debt Zwicker or Discover claims that you owe; or (b) assert any claim or defense in the lawsuit filed against you (other than claims relating to any failure to send you a pre-suit Claim Notice).

For more information on the release, released parties, and released claims, you may obtain a copy of the Class Action Settlement Agreement from the United States District Clerk for the Northern District of Illinois, Eastern Division.

**Entering an appearance.**

Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by _____, 201_. To do so you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice upon Class Counsel and Defendant's counsel at the addresses set forth below.

**Excluding yourself from the settlement.**

You may exclude yourself from the settlement, in which case you will receive no portion of the Settlement Fund. If you wish to exclude yourself from (opt out of) the Class and the proposed Settlement you must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than _____, 201_. In any such written request for exclusion, you must set forth your full name, address, telephone number, and, if available, your Discover account number, together with a statement to the effect of, "I wish to be excluded from the Class in *Brinkley v. Zwicker & Associates, P.C.*, No. 13-cv-01555. Any such written request for exclusion must be sent to Class Counsel and Defendant's Counsel at the following addresses:

| Lance A. Raphael | Jennifer W. Weller |
|---|---|
| The Consumer Advocacy Center, P.C. | Hinshaw & Culbertson LLP |
| 180 W. Washington Street, Suite 700 | 222 North LaSalle Street, Suite 300 |
| Chicago, IL 60602 | Chicago, IL 60601 |
| | |
| CLASS COUNSEL | ATTORNEY FOR DEFENDANT |

The request should be signed by you. If any person signs on your behalf that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final Fairness Hearing on _____, 2014, at _____ _.m. The hearing will be held in Courtroom 1419 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. At the Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak.

**What if you want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must either file a formal objection or else send a letter to the Court. Any such objection or letter **must** state: (1) your full name, address, telephone number and, if available, your Discover account number; (2) the factual and legal grounds for your objection; (3) whether you intend to appear at the final Fairness Hearing on your own behalf or through counsel; (4) the names, addresses and phone numbers of all witnesses whom you or your attorney intends to call at the Fairness Hearing. Your formal objection or letter must be accompanied by any evidence you wish to introduce to support your objection. Your formal objection or letter must be mailed to all of the locations listed below, postmarked by _____, 201_.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court | Lance A. Raphael | Jennifer W. Weller |
| United States District | The Consumer Advocacy | Hinshaw & Culbertson LLP |
| Court for the Northern | Center, P.C. | 222 North LaSalle Street |
| District of Illinois | 180 W. Washington Street, | Suite 300 |
| Everett McKinley Dirksen | Suite 700 | Chicago, IL 60601 |

| United States Courthouse, 219 S. Dearborn St. Chicago, IL 60604 | Chicago, IL 60602 CLASS COUNSEL | ATTORNEY FOR DEFENDANT |
|---|---|---|

**What if you do nothing?**

If you do nothing, you will not receive any portion of the Settlement Fund. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties over the released claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**Who Represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

Lance A. Raphael, Stacy M. Bardo, Michael S. Hilicki, and Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington Street, Suite 700
Chicago, IL 60602

CLASS COUNSEL

**Who Represents Defendant?**

Jennifer W. Weller
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601

ATTORNEY FOR DEFENDANT

**Where can you get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Northern District of Illinois, Eastern Division. Please do not call the Judge about this case. **Neither the Judge, nor the Clerk of**

**Court, will be able to give you advice about this case. Furthermore, Defendant's attorneys do not represent you and they cannot give you legal advice.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE M. BRINKLEY, | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
|     Plaintiff, | § | Case No.: 1:13-cv-01555 |
| | § | |
| v. | § | Hon. John J. Tharp, Jr. |
| | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C., | § | |
| | § | |
|     Defendant. | § | |

## CLAIM FORM

I, the undersigned _____ hereby make a claim for my share of the settlement in the above-captioned case.

**Note: You will waive your right to a payment if you fail to provide all of the requested information. This information is necessary to verify your claim.**

_____
Full Name

_____
Address

_____
City           State          Zip

_____
Discover Account Number (if known)

_____
Signature

**Mail Completed Claim Form To:**

First Class, Inc.
5410 W. Roosevelt Rd., Unit 222
Chicago, IL  60644

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE M. BRINKLEY, | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | Case No.: 1:13-cv-01555 |
| | § | |
| v. | § | Hon. John J. Tharp, Jr. |
| | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER CONDITIONALLY CERTIFYING CLASS**
**AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Pursuant to the joint motion filed on October 31, 2013, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. The motion came on for hearing on November 4, 2013 at 9:00 a.m. Plaintiff, individually and on behalf of all others similarly situated (collectively "Plaintiff"), appeared by counsel Stacy M. Bardo. Defendant appeared by counsel Jennifer W. Weller. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

1.     This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is

1

attached to the parties' *Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement* as <u>Exhibit 1</u>, and is incorporated herein by reference.

2.      The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under FED. R. CIV. P. 23.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendant has agreed to pay to the Class the maximum statutory damages liability under the statute which forms the basis of this action, and Discover, a non-party, has bound itself to provide substantial benefit to the Class. It further appears that as a result of speedy, voluntary discovery as to the number of class members and Defendant's net worth, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.      A hearing ("Fairness Hearing") shall be held before this Court on _____, 201_ at _____ _.m. in Courtroom 1419 of the United States District

Court for the Northern District of Illinois, located at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve a statutory damages and enhancement payment for the named plaintiff; and the amount of attorney fees and costs to be awarded Class Counsel.

4.   The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice") attached as Exhibit <u>C</u> to the Class Action Settlement Agreement. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals in the United States during the Class Period:

      (a)    who were sued by Zwicker on behalf of Discover Bank;

      (b)    in a suit claiming breach of contract;

      (c)    where the suit claimed breach of a Cardmember Agreement containing the provision:

> Claim Notices. In the event that you or we have a claim that arises from or relates to your Account, any prior account you had with us, your application, the relationships which result from your Account or the enforceability of the Agreement or any prior agreement, before initiating, joining or participating in any judicial or arbitration proceedings, as either an individual litigant or member of a class ("Proceeding"), the complaining party shall give the other party: (1) a written notice of the claim ("Claim Notice"), at least 15 days before initiating any Proceeding, explaining in reasonable detail the nature of the claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the claim without the necessity of a Proceeding. This includes any claims involving our parent corporation, subsidiaries, affiliates[,] predecessors, successors, and assigns, as well as the officers, directors and employees of each of these entities.

      (d)    who were not provided with such a Claim Notice prior to the initiation of the lawsuit.

Excluded from the Class are:

      a.    any person who has signed a release that post-dates the filing of a suit against such person by Zwicker on behalf of Discover;

      b.    any person who is deceased;

c.  any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after February 28, 2012; and

d.  any Class Member who timely mails a request for exclusion.

The Class Period runs from February 28, 2012 through the date of this order.

6.  For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Natalie M. Brinkley as the class representative for the settlement Class, and the following attorneys are appointed as Class Counsel:

> Lance A. Raphael
> Stacy M. Bardo
> Michael S. Hilicki
> Allison A. Krumhorn
> The Consumer Advocacy Center, P.C.
> 180 W. Washington . Suite 700
> Chicago, IL 60602
> 312-782-5808

7.  The Class Notice shall be distributed to the Class as follows: Twenty-one (21) days after entry of this Order, the Claim Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address, the Claim Administrator shall run such Class Member through the National Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom they are able to obtain a new address as a result of such search. The Claim Administrator shall use its best efforts to provide

5

prompt re-sending of any returned notices. However, Defendant and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. Defendant shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

8. Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by _____, 201_(21 days prior to the Fairness Hearing). Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than _____, 201_, which is three (3) weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and, if available, Discover account number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9. Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than _____, 201_, which is three (3)

6

weeks prior to the Final Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.     Any such notice of objections shall include:

(1)     a statement of each objection being made;
(2)     a detailed description of the facts underlying each objection;
(3)     a detailed description of the legal authorities underlying each objection, if any;
(4)     a statement of whether the objector intends to appear at the Final Fairness Hearing;
(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
(6)     a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12.     Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case.

7

14.    This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated: _____, 2013.

_____
HON. JOHN J. THARP, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE M. BRINKLEY, | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | Case No.: 1:13-cv-01555 |
| | § | |
| v. | § | Hon. John J. Tharp, Jr. |
| | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C., | § | |
| | § | |
| Defendant. | § | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

On _____, 2014, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In October 2013, after arms-length negotiations, Plaintiff and Defendant entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On October 31, 2013, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On or about _____, 2013, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

On November 4, 2013, the Court heard the Parties' Preliminary Approval Motion.

On _____, 2013, upon consideration of the Parties' Preliminary

1

Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Litigation; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Natalie M. Brinkley as the Class Representative; (iv) appointed Lance A. Raphael, Stacy M. Bardo, Michael S. Hilicki, and Allison A. Krumhorn as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On _____, 2014, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Litigation satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Litigation and over all settling parties hereto.

2.    CLASS MEMBERS.   Pursuant to FED. R. CIV. P. 23(b)(3), the Litigation is hereby finally certified as a class action on behalf of all individuals in the United States

(a)     who were sued by Zwicker on behalf of Discover Bank;

(b)     in a suit claiming breach of contract;

(c)     where the suit claimed breach of a Cardmember Agreement

        containing the provision:

        Claim Notices. In the event that you or we have a claim that
        arises from or relates to your Account, any prior account you
        had with us, your application, the relationships which result
        from your Account or the enforceability of the Agreement or
        any prior agreement, before initiating, joining or
        participating in any judicial or arbitration proceedings, as
        either an individual litigant or member of a class
        ("Proceeding"), the complaining party shall give the other
        party: (1) a written notice of the claim ("Claim Notice"), at
        least 15 days before initiating any Proceeding, explaining in
        reasonable detail the nature of the claim and any supporting
        facts; and (2) a reasonable good faith opportunity to resolve
        the claim without the necessity of a Proceeding. This
        includes any claims involving our parent corporation,
        subsidiaries, affiliates[,] predecessors, successors, and
        assigns, as well as the officers, directors and employees of
        each of these entities.

(d)     who were not provided with such a Claim Notice prior to the

        initiation of the lawsuit.

Excluded from the Class are:

a.      any person who has signed a release that post-dates the filing of a

        suit against such person by Zwicker on behalf of Discover;

b.      any person who is deceased;

c.      any person who has filed for bankruptcy protection under Title 11

        of the United States Code on or after February 28, 2012; and

d.      any Class Member who timely mails a request for exclusion.

3.      CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT.

3

Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff Natalie M. Brinkley as the Class Representative and Lance A. Raphael, Stacy M. Bardo, Michael S. Hilicki, and Allison A. Krumhorn as Class Counsel for the Class Members.

4.    <u>NOTICES AND CLAIM FORMS</u>.  Class action notices and claim forms were mailed to all of the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5.    <u>FINAL CLASS CERTIFICATION</u>.  The Court finds that the Litigation satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

a.    the Class Members are so numerous that joinder of all of them in the Litigation is impracticable;

b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

c.    the claims of the Plaintiff are typical of the claims of the Class Members;

d.    the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.     The Court finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying the maximum statutory damages allowed by law for an alleged violation that Defendant contends is neither pervasive nor egregious.

7.     <u>SETTLEMENT TERMS</u>.  The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement include, but are not limited to, the following:

a.     In addition to her Class proof of claim payment Defendant shall pay Plaintiff $1,000.00.

b.     Defendant shall make pay to each of the ____ Class members who have submitted claim forms the sum of $____ each, representing each such person's share of the Settlement Fund that is available for Class Members who filed claim forms.

c.     Defendant shall pay Class Counsel a total of $31,500.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

5

11.    OBJECTIONS AND EXCLUSIONS.  The Class Members were given a fair and reasonable opportunity to object to the settlement.  No Class Member objected to the settlement.  The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order.  There are ___ such persons, and they are listed on the attached Exhibit A.

12.    This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT.  The Releases set forth in the Agreement are hereby approved.  Pursuant to the Releases contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14.    Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15.    This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

16.    This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17.    The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation and/or Agreement, including the administration, interpretation, construction, effectuation,

6

enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.


Dated: _____, 2014.


_____
HON. JOHN J. THARP, JR.
UNITED STATES DISTRICT JUDGE